**EXHIBIT G**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DIANA MARTINEZ

                                                    Plaintiff,

-against-

BRONX-LEBANON HOSPITAL CENTER, BRONX-
LEBANON HOSPITAL CENTER HEALTH CARE
SYSTEM, BRONXCARE NETWORK, BRONXCARE
HEALTH SYSTEM, BRONXCARE HOSPITAL
CENTER, BRONXCARE HEALTH INTEGRATED
SERVICES SYSTEM, INC., BRONX-LEBANON
INTERGRATED SERVICES SYSTEM, INC., BRONX
HEALTH ACCESS IPA, INC., BRONX HEALTH
ACCESS, BRONXCARE IPA, INC., NEW YORK
RADIOLOGY ALLIANCE, VIRTUAL RADIOLOGIC
CORPORATION, VIRTUAL RADIOLOGIC
PROFESSIONALS OF NEW YORK, ENVISION
PHYSICIAN SERVICES, LLC, ENVISION
MANAGEMENT SERVICES, LLC, ENVISION
HEALTHCARE CORPORATION, FRANCINE IVY
MENDS, M.D., STEVEN H. GOTTESFELD, M.D.,
ACACIA NETWORK, INC., ACACIA NETWORK,
LA CASA DE SALUD, INC., LA CASA DE SALUD,
ALLAREDDY VASANTH KUMAR REDDY, M.D.,
RAJESH MAHARBHAI PATEL, M.D.,
ARCANGELO ALDO LUBRANO, M.D.,
ELIZABETH ELAINE HOLT, N.P., FLORA
ADELAIDE ANTWI, N.P., CARLINE LAMOUR-
OCCEAN, N.P., LUCY PALOMINO, N.P., EDITH
LYNN WILLIAMS, N.P., JOHN DOES 1-50 and
JANE ROES 1-50 being several doctors, nurses, and
other health care practitioners whose identities are
presently unknown,

                                                    Defendants.

Index #: 33531/2018E

NOTICE OF MOTION

**COUNSEL:**

MOTION BY:                SONIN & GENIS, LLC.
                          Attorneys for Plaintiff Diana Martinez

DATE, TIME & PLACE:       On the 29th day of October 2021 at 9:30 am at the Motion
                          Support Office for the Supreme Court for the County of
                          Bronx, Room 217, 851 Grand Concourse, Bronx, New
                          York.

1

SUPPORTING PAPERS:     Affirmation in Support by Robert Genis dated October 5, 2021, and all pleadings and proceedings heretofore had herein, and all exhibits annexed hereto.

RELIEF REQUESTED:
    A.  Pursuant to CPLR § 3126, 3124 striking Defendants' answers for failure to proceed with discovery; or

    B.  Pursuant to CPLR § 3124, 3126 compelling Defendant to comply with all outstanding discovery with an automatic self-executing conditional Order striking the defendant's Answer if defendants fail to fully comply with the relief sought herein; and

    C.  For such other and further relief that this court may deem just and proper.

ANSWERING PAPERS     Pursuant to CPLR §2214(b), opposing papers shall be served upon the undersigned no later than seven (7) days prior to the return date of the motion. In the event service of opposing papers is not made upon the undersigned as set forth in the preceding paragraph, the Court should not read nor hear any opposition set forth in opposition and in no event, give any consideration to the same (*Wallin vs. Wallin*, 34 A.D.2d 870).

Dated: Bronx, NY
     October 5, 2021

Sonin & Genis, LLC
Attorneys for Plaintiffs
One Fordham Plaza, Suite 907
Bronx, NY 10458
(718) 561-4444

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DIANA MARTINEZ

Plaintiff,

-against-

BRONX-LEBANON HOSPITAL CENTER, BRONX-
LEBANON HOSPITAL CENTER HEALTH CARE
SYSTEM, BRONXCARE NETWORK, BRONXCARE
HEALTH SYSTEM, BRONXCARE HOSPITAL
CENTER, BRONXCARE HEALTH INTEGRATED
SERVICES SYSTEM, INC., BRONX-LEBANON
INTERGRATED SERVICES SYSTEM, INC., BRONX
HEALTH ACCESS IPA, INC., BRONX HEALTH
ACCESS, BRONXCARE IPA, INC., NEW YORK
RADIOLOGY ALLIANCE, VIRTUAL RADIOLOGIC
CORPORATION, VIRTUAL RADIOLOGIC
PROFESSIONALS OF NEW YORK, ENVISION
PHYSICIAN SERVICES, LLC, ENVISION
MANAGEMENT SERVICES, LLC, ENVISION
HEALTHCARE CORPORATION, FRANCINE IVY
MENDS, M.D., STEVEN H. GOTTESFELD, M.D.,
ACACIA NETWORK, INC., ACACIA NETWORK,
LA CASA DE SALUD, INC., LA CASA DE SALUD,
ALLAREDDY VASANTH KUMAR REDDY, M.D.,
RAJESH MAHARBHAI PATEL, M.D.,
ARCANGELO ALDO LUBRANO, M.D.,
ELIZABETH ELAINE HOLT, N.P., FLORA
ADELAIDE ANTWI, N.P., CARLINE LAMOUR-
OCCEAN, N.P., LUCY PALOMINO, N.P., EDITH
LYNN WILLIAMS, N.P., JOHN DOES 1-50 and JANE
ROES 1-50 being several doctors, nurses, and other
health care practitioners whose identities are presently
unknown,

Defendants.

Index #: 33531/2018E

**AFFIRMATION IN SUPPORT**

1.  Robert Genis, Esq. an attorney duly admitted to practice law before the Courts of the State of

    New York, hereby affirms the truth of the following under the penalties of perjury: I am a

    member of the law firm of Sonin & Genis, Esqs., attorneys for the Plaintiff, DIANA

    MARTINEZ, in the above entitled action, and based upon a review of the facts contained in

my file, I am fully familiar with all the facts and circumstances herein and make this affirmation in support of Plaintiff's application to striking Defendants' answers for failure to proceed with discovery; compel Defendant to comply with all outstanding discovery with an automatic self-executing conditional Order striking the defendant's Answer if defendants fail to fully comply with the relief sought herein; and for such other and further relief that this court may deem just and proper.

## BACKGROUND

2.   On thirty different occasions over a period of nineteen months between June 22, 2016 and January 26, 2018, Plaintiff presented (with increasing headaches and visual disturbance) to Defendant Clinic and to the named Defendant Physicians and Nurse Practitioners employed there, but was never informed of her diagnosis of a Pituitary tumor.

3.   Defendants failure to communicate their findings and properly act upon them caused and permitted the tumor to grow and worsen and cause harm to her diminish her chances for a better outcome.

4.   Defendants have violated both an Order of this Honorable Court and that of a United States of America District Court Judge for the Southern district of New York, federal court subpoenas, and discovery demands served by plaintiff.

### PROCEDURAL HISTORY

5.   On November 29, 2018, plaint commenced this lawsuit by filing a verified summons and complaint. (**Docket Entries 1 and 2**).

6.   Concurrently, Plaintiff filed a Notice of Federal Tort Claim with the United States

4

government[1]. (**Exhibit A**).

7. Between January 3, 2019 and April 18, 2019, the defendants began filing and serving their answers. (See generally, **Docket Entries 4-11, 13-22**)

8. On March 12, 2019, the US Attorney Office for the Southern District filed a notice of appearance stating that La Casa de Salud, Inc. and Bronxcare Health Systems were entities receiving funding pursuant to 42 USC §§ 233(g)(4), 245(b) and as such, might make the case removable to Federal Court. (**Docket Entry 12**).

9. On February 27, 2020, the SDNY US Attorney removed this case to the United States District Court for the Southern District of New York. (**Docket Entry 110**)

10. This matter was then designated as <u>Martinez v. Bronx−Lebanon Hospital Center et al</u>, 1:20−cv−01719−DLC.

11. On April 2, 2020, SDNY US Attorney and your affirmant executed a stipulation dismissing from the instant matter those parties which deemed to be employees of the United States government. (*See* **Docket Entry 119**, relevant portion annexed here as **Exhibit B**).

12. The parties dismissed from the State Case were:

      a. Allareddy Vasanth Kumar Reddy, M.D.,
      b. Arcangelo Aldo Lubrano, M.D.,
      c. Rajesh Maharbhai Patel, M.D.,
      d. Flora Adelaide Antwi, N.P.,
      e. Elizabeth Elaine Holt, N.P.,
      f. Carline Lamour-Ocean, N.P.,
      g. Lucy Palomino, N.P., and
      h. Edith Lynn Williams, N.P,,

                              **(Exhibit B)**.

13. The stipulation further stated that the remaining portion of the case was remanded back to

---

[1] Based on your affirmant's prior experiences with medical malpractice cases involving clinics run out of Bronx-Lebanon Medical Center, your affirmant had reason to believe one or more of the defendants were funded directly by the US HHS.

this Honorable Court. (**Exhibit B**).

14. United States District Court Judge Denise Cote so-ordered the Stipulation on April 3, 2020).
    (**Exhibit B**).

15. The matter was reinstated by this Honorable Court on or about June 12, 2020. (**Docket Entry
    119**).

16. On October 15, 2020, Plaintiff agreed to dismiss the counts against Defendants Virtual
    Radiologic Corporation and Virtual Radiologic Professionals of New York. (**Docket Entry
    127**).

17. In the Federal Matter, on October 16, 2020, Magistrate Lehrburger issued an Order to
    coordinate discovery in that matter with the State matter. (*See* **Docket Entry 121**).

18. As part of the Order, Plaintiff's counsel was instructed to submit a proposed companion
    Order for this Honorable Court to sign. (*See* **Docket Entry 121**).

19. Plaintiff's counsel did this on November 30, 2020. (**Docket Entry 120**).

20. On December 14, 2020, counsel for Virtual Radiologic Corporation and Virtual Radiologic
    Professionals of New York, moved to have the stipulation to dismiss be so-ordered. (**Docket
    Entry 122**).

21. On January 12, 2021, Magistrate Lehrburger issued an Amended Order to coordinate
    discovery in that matter with the State matter. (*See* **Docket Entry 136**).

22. As part of the Order, Plaintiff's counsel was instructed to submit a proposed companion
    Order for this Honorable Court to sign. (*See* **Docket Entry 136**).

23. Plaintiff's counsel did this on January 14, 2021. (**Docket Entry 136**).

24. This Honorable Court granted Virtual Radiologic Corporation and Virtual Radiologic
    Professionals of New York motion and so-Ordered the stipulation to dismiss. (**Docket Entry

**140**).

25. On June 23, 2021, Defendants Acacia Network, Inc. (s/h/a Acacia Network, Inc. and Acacia Network), Allareddy Vasanth Kumar Reddy, M.D., Arcangelo Aldo Lubrano, M.D., Rajesh Manharbhai Patel, M.D. (s/h/a Rajesh Maharbhai Patel, M.D.), Elizabeth Elaine Holt, N.P., Flora Adelaide Antwi, N.P., Carline Lamour-Ocean, N.P., Lucy Palomino, N.P., and Edith Lynn Williams, N.P. moved to dismiss the instant action pursuant to CPLR § 3211(a)(4) and for leave to amend their answers, pursuant to CPLR § 3025(b), to assert an affirmative defense based on CPLR § 3211(a)(4). (Docket 142-145).

26. Plaintiff's Counsel opposed said motion on July 12, 2021. (Docket Entry 146-150).

27. On August 16, 2021, Plaintiff wrote a letter to the Federal Court Judge outlining Defendant's position that they would not proceed with discovery and requesting to hold a conference. (Docket Entry 155).

28. On August 20, 2021, your Honor signed a Preliminary Conference Order directing Parties to proceed with discovery in a timely matter. (Docket Entry 156, annexed hereto as **Exhibit C**). Defendants' have chosen to ignore your order and forego any further discovery.

## DEFENDANTS HAVE VIOLATED THE COURT'S ORDER, HAVE FAILED TO RESPOND TO DISCOVERY DEMANDS AND HAVE REFUSED TO APPEAR FOR EBTS

## PRELIMINARY NOTE:

29. Defendants' have violated the outstanding State Discovery Order, have failed to proceed with ANY and ALL depositions, have failed to appear for five (5) Federal Judicial Subpoena Duces Tecum & Ad Testificandum, have failed to comply discovery in the parallel Federal Court Action, and have willfully delayed and halted this case.

30. Importantly, Defendants have failed to comply with Section IX of the preliminary conference order which states, **"All parties agree to be bound by Federal Court action discovery & schedule (USDC, SDNY #19-5582) & participate in join discovery…".**

31. This case is made up of two actions, one State and one Federal, that are supposed to proceed with simultaneous and parallel discovery.

32. The State Matter is medical malpractice and negligence action against the following Defendant(s):

     a. Bronx-Lebanon Hospital Center;
     b. Bronx-Lebanon Hospital Center Health Care System,
     c. Bronxcare Network,
     d. Bronxcare Health System,
     e. Bronxcare Hospital Center,
     f. Bronxcare Health Integrated Services System, Inc.,
     g. Bronx-Lebanon Intergrated Services System, Inc.,
     h. Bronx Health Access IPA, Inc., Bronx Health Access,
     i. Bronxcare IPA, Inc.,
     j. New York Radiology Alliance,
     k. Envision Physician Services, LLC
     l. Envision Management Services, LLC,
     m. Envision Healthcare Corporation,
     n. Steven H. Gottesfeld, M.D.,
     o. Acacia Network, Inc, and
     p. Acacia Network. (See Docket Entries 1,2 and 119).

33. The Federal Matter is a Federal Tort Claim action, see generally 28 USC 2671- 2680, and is against the following defendant(s):

     a. The United States of America

34. Unfortunately, the State Court Defendants have unilaterally decided to not proceed with and engage in discovery proceedings.

35. In a letter filed on August 25, 2021, Defense attorney for Acacia Network, Inc., Dr. Reddy, La Casa De La Salud, Inc., Dr. Lubrano, Dr. Patel, N.P. Antwi, Dr. Holt, N.P. Lamour-Occean, N.P. Palomino and N.P. Williams even went as far to state, "Does my office

8

represent these "federal employees" in this action or does the US Attorney?". (Docket entry

157).

36. Defendants have failed to provide responses to the Court's August 17, 2021 Order ordering

Defendants to provide the following:

      a.  Insurance Information
      b.  Bill of Particulars as to Affirmative Defenses
      c.  Complete Certified medical records, office records, hospital chart, billing
         records, radiology/film records, curriculum vitae of defendants,
      d.  hospital rules and regulations,
      e.  Responses to Plaintiff's demands dated December 27, 2019, August 7, 2019,
         May 24, 2021, and May 26, 2021

37. Defendants have failed to comply with the Court's deposition schedule as ordered with:

      a.  Plaintiff on or before August 4, 2021
      b.  Defendant Bronx Lebanon on or before August 9, 2021
      c.  Defendant La Casa de Salud on or before August 17, 2021
      d.  Defendant Steven Gottesfeld, MD on or before August 25, 2021
      e.  Defendant Rajesh Patel, MD on or before August 31, 2021
      f.  Defendant NY Radiology Alliance on or before September 3, 2021

38. Defendants have failed to comply with the Court's order which ordered Defendant's to

respond to Plaintiff's combined demands dated December 27, 2019, Plaintiff's discovery

notice dated August 7, 2021 regarding audit trails, Plaintiff's demand for certified records

dated May 24, 2021, and Plaintiff's supplemental notice for discovery and inspection dated

May 26, 2021.

39. Defendants have failed to respond to the Court's order in section IX related to rules,

regulations, policies, procedures, protocols, manuals, and training materials in effect during

the times in question.

40. Plaintiff's counsel has attempted to schedule discovery and deposition, but has been

unsuccessful after multiple good faith attempts. *See Good Faith Affirmation attached hereto.*

## *DEFENDANTS' ANSWER SHOULD BE STRICKEN FOR FAILURE TO PROCEED WITH COURT ORDERED DISCOVERY*

41. Defendants' unilateral decision to halt discovery without seeking the courts intervention shall be sanctioned appropriately.

42. In Kihl v. Pfeffer, 94 N.Y.2d 118, 123 (1999), the Court struck a pleading for violating court Orders, and held that:

> If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity. Indeed, the Legislature, recognizing the need for courts to be able to command compliance with their disclosure directives, has specifically provided that a "court may make such orders ... as are just," including dismissal of an action (CPLR 3126). Finally, we underscore that compliance with a disclosure order requires both a timely response and one that evinces a good-faith effort to address the requests meaningfully.

43. As outlined above, Defendants have disregarded discovery demands, discovery order, and have failed to proceed with necessary depositions in this matter. The information sought by the plaintiff, including the EBTs is entirely proper and discoverable.

44. Defendant has failed to object to the discovery demands, and their time to object has long since expired. CPLR § 3122(a)(1).

45. Defendants failed to move to strike, vacate or quash said demands or prior orders.

46. Defendants have failed to appeal the Preliminary Conference Order.

47. Any hardship that the defendants have suffered is self-inflicted by their continuing failure to produce the documents sought and appear for EBTs.

48. Defendants have not suggested any of the information is in any way privileged. Nor have they served a privilege log. CPLR § 3122(b). Absent the claim of privilege, New York has long favored the broad, open pre-trial discovery. Kavanagh v Ogden Allied Maintenance Corp., 92

N.Y.2d 952, 954 (N.Y. 1998); Freni v Eastbridge Landing Assoc., 309 A.D.2d 700, 702 (1st Dept. 2003).

49. In the seminal case Allen v. Crowell-Collier Pub. Co., 21 N.Y.2d 403, 406 (1968), the Court held that "if there is any possibility that the information is sought in good faith for possible use as evidence-in-chief, in rebuttal or for cross-examination, it should be considered evidence material." 21 N.Y.2d at 407.

50. In the instant case, there can be no dispute that the documents and information sought in the discovery demands at issue are material and necessary to the fair resolution of this action.

51. The defendants have not complied with their discovery obligations. Adamski v. Schuyler Hospital, 36 A.D.3d 1198, 1199 (3rd Dept. 2007) ("Significantly, compliance with a discovery order requires both a timely response and a good faith effort to address the requests meaningfully").

52. The fact that the Defendants may have to produce or look for a number of documents is irrelevant and not determinative. Shapiro v. Fine, 95 A.D.2d 714 (1st Dept 1983).   Because there are a lot of records, a lot of records must be produced.

53. The party opposing disclosures bears the burden of showing immunity from disclosure. Koump v. Smith, 25 N.Y.2d 287, 294 (1969).

54. The party opposing disclosures bears the burden of showing immunity from disclosure. Feger v Warwick Animal Shelter, 59 A.D.3d 68, 75 (2nd Dept 2008). Unsubstantiated conclusory allegations of hardship or an unwarranted fishing expedition are insufficient to bar disclosure.

55. If the Defendants are attempting to assert the claim of privilege, they have the burden of proving this claim.  What reports exist, who made them, when were they made, to whom they were made and why were they made.  In other words, they require proof of an evidentiary

11

nature.  Defense Counsel's Affirmation alone is insufficient to sustain their burden.  <u>Pinkans v. Hulett</u>, 156 A.D.2d 877 (3rd Dept. 1989); <u>Bras v. Atlas Construction Corp.</u>, 153 A.D.2d 914 (2nd Dept. 1989); <u>Vivitorian Corp. v. First Cent. Ins. Co.</u>, 203 A.D.2d 452 (2nd Dept. 1994).

### *Defendants' Violation of a Court Order Warrant This Honorable Court's Resolving Outstanding Issues in Plaintiff's Favor*

56. The defendants' actions are eminently sanctionable. <u>Daniels v. City of New York</u>, 78 A.D.3 883 (2nd Dept. 2010); <u>see also Ernie Otto Corp.</u>, 53 A.D.3 at 926 (Record shows pattern of noncompliance); <u>see also Adamski</u>, 36 A.D.3 at 1199("[A]n overall pattern of noncompliance will give rise to an inference that the conduct meets the standard."); <u>Goldstein, *supra*</u>; <u>Reidel v. Ryder TRS, Inc.</u>, 13 A.D.3d 170, 786 N.Y.S.2d 487  (1st Dept 2004).

57. The failure of the defendants to produce discovery despite shows an ongoing refusal to comply with its discovery obligations.

58. The defendants have not complied with its discovery obligations. <u>Adamski</u>, at, 1199. ("Significantly, compliance with a discovery order requires both a timely response and a good faith effort to address the requests meaningfully").

59. In <u>Arpino v. F.J.F. & Sons Elec. Co., Inc</u>, 102 A.D.3d 201, (2nd Dept. 2012) the Appellate Department reversed the Trial Court, precluding the defendants from offering certain evidence at trial for its failure to timely produce discovery.

60. In <u>Arpino</u>, the defendants did not timely comply with the Preliminary Court Order in a timely fashion. The Court found the gamesmanship employed by the defendants unacceptable and noting the corrosive effect it was having on the integrity of the Courts.

> As the Court of Appeals has noted, the failure of attorneys to comply with court-ordered deadlines has increasingly become a problem in our court system (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81; *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C.* [*Habiterra Assoc.*], 5 NY3d 514, 521; *Kihl v*

*Pfeffer*, 94 NY2d 118, 123). Compliance requires not only a timely response, but a good-faith effort to provide a meaningful response (*see Kihl v Pfeffer*, 94 NY2d at 123; *see also Garcia v City of New York*, 5 AD3d 725, 726; *Gomez v Gateway Demolition Corp.*, 293 AD2d 649, 650). The failure to comply with deadlines and provide good-faith responses to discovery demands "impairs the efficient functioning of the courts and the adjudication of claims" (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d at 81; *Kihl v Pfeffer*, 94 NY2d at 123). The Court of Appeals has also pointed out that "[c]hronic noncompliance with deadlines breeds disrespect for the dictates of the Civil Practice Law and Rules" (*Gibbs v St. Barnabas Hosp.*, 16 NY3d at 81), and has declared that "[i]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v Pfeffer*, 94 NY2d at 123; *see generally Cadichon v Facelle*, 18 NY3d 230).

Although perhaps an undesirable outcome, parties, where necessary, will be held responsible for the failure of their lawyers to meet court-ordered deadlines and provide meaningful responses to discovery demands and preliminary conference orders (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C.* [*Habiterra Assoc.*], 5 NY3d at 521; *Kihl v Pfeffer*, 94 NY2d at 123; *Garcia v City of New York*, 5 AD3d at 726). The failure to abide by these basic rules governing compliance with disclosure orders cannot and will not be tolerated in our courts (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C.* [*Habiterra Assoc.*], 5 NY3d at 521; *Kihl v Pfeffer*, 94 NY2d at 123).

<u>Arpino v. F.J.F. & Sons Elec. Co., Inc</u>, 102 A.D.3d 201, (2nd Dept. 2012).

61. The Court also rejected the defendant's claim of inadvertence:

Although the defendants claim that their responses were merely careless practice, the record belies that claim. They were, in fact, intentionally false and misleading, and were interposed for the purpose of avoiding the defendants' obligation to provide timely and meaningful discovery responses (*see Kihl v Pfeffer*, 94 NY2d at 123). The defendants' neglect of a court-ordered deadline and misrepresentation of their knowledge or possession of clearly discoverable material and information, without providing any excuse for doing so, must be deemed willful and contumacious (*see Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808, 809). Further, defense counsel's unsupported, conclusory claim of law office failure cannot be accepted (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789-790; *Star Industries, Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904).

*Id.* at 208-209

13

62. The Court also found:

> Contrary to the finding of the Supreme Court, this demonstrates an ongoing pattern of willful and contumacious conduct which served to obstruct discovery, notwithstanding the disclosure of some information responsive to the plaintiff's demand. Under these circumstances, it was an improvident exercise of the Supreme Court's discretion to have denied, in its entirety, the plaintiff's motion to impose sanctions upon the defendants pursuant to CPLR 3126. The defendants' disregard of their court-ordered discovery obligations cannot be tolerated (*see Gibbs v St. Barnabas Hospital*, 16 NY3d at 81; *Andrea v Arnone, Hedin, Casker, Kennedy and Drake, Architects and Landscape Architects, P.C.*, 5 NY3d at 521; *Kihl v Pfeffer*, 94 NY2d at 123). The defendants engaged in an ongoing course of conduct of delay and obfuscation during this litigation, including the provision of information which was inaccurate if not intentionally false, the neglect of a court-ordered discovery deadline, and the service of "corrected" information long after Foronjy's deposition was conducted and the note of issue filed.

> *Id.* at 211.

### *Striking the Answer of The Defendant Is an Appropriate Sanction*

63. With its failure to obey Order of this Court, the Court has broad discretion in determining the proper sanction against the defendant.  Daniels, 78 A.D.3 at 883-884; Lantigua v. City of New York, 254 A.D.2d 218 (1st Dept. 1998); Waters v. City of New York, 178 A.D.2d 594 (2nd Dept. 1991); Ernie Otto, 53 A.D.3d at 926; Jackson v. City of New York, 185 A.D.2d 768, 770 (1st Dept. 1992).

64. The Courts have repeatedly warned parties that willful, contumacious behavior will not be tolerated, and sanctions imposed. Arpino, supra at 211, Grant v. Rattoballi, 57 A.D.3d 272, (1st Dept 2008) (*Sua Sponte* Dismissal based on pattern of willful and contumacious behavior in responding to disclosure requests).

65. The Defendants' failure to fulfill its discovery obligations is not something solely related to this case, or even with matters with Plaintiff's counsel. In Figdor, the court upheld the striking of Defendant's answer, noting:

> Defendant's response to the myriad discovery orders entered in this action over the course of some two years has been inexcusably lax. While discovery has trickled in with the passage of each compliance conference, the cavalier attitude of defendant, resulting

14

as it has in substantial and gratuitous delay and expense, should not escape adverse consequence

Figdor v. City of New York, 33 AD3d 560, (1st Dept. 2006) (internal citations omitted).

66. It is clear, given the actions of the defendants in ignoring a Court Order that a direr penalty is necessary. "The sanction of striking the answer was warranted in light of defendants' repeated and persistent failure to comply with several disclosure orders." *Min Yoon*, 29 A.D.3d at 407. No other sanction appears to have any hope of ever getting the defendants to do their duty. Guzetti v. New York, 32 A.D.3d 234 (1st Dept 2006); Martinez v. New York Presbyterian Hosp., 26 A.D.3d 187 (1st Dept 2006); Cox v. City of New York, 287 A.D.2d 391 (1st Dept 2001); Frye v. City of New York, 228 A.D.2d 182 (1st Dept 1996).

67. Defendant's Failure to furnish Discovery is willful and contumacious, and warrants dismissal of Defendant's answer. Kihl at 123.

68. The Courts have not hesitated to dismiss pleadings when a party flouts Court Orders and fails to furnish discovery. Fish & Richardson, P.C. v Schindler, 75 A.D.3d 219, 220-21 (1st Dept. 2010) ("[The] Supreme Court did not abuse its discretion in striking defendant's answer based on a pattern of disobeying court orders and failing to provide discovery"); Bryant v New York City Hous. Auth., 69 A.D.3d 488, 489 (1st Dept. 2010) ("Defendant's pattern of noncompliance with court-ordered disclosure over a period of over two years created an inference of willful and contumacious conduct warranting the sanction of striking the answer.")

69. The Courts have repeatedly warned parties that willful, contumacious behavior will not be tolerated, and sanctions will be imposed for exhibiting such behavior. See e.g. Fish & Richardson 75 A.D.3d 219 at 220-21; Bryant, 69 A.D.3d 488 at 489; Nunez v. City of New York, 37 A.D.3d 434 (2nd Dept. 2007) ("A court is authorized to strike the pleadings of a party

15

who refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed.").

*In the Alternative, The Court Should Order the Defendant to Produce the Discovery by A Date Certain or Have Their Answer Automatically Stricken*

70. Alternatively, if the Court wishes to give the defendants one more chance, plaintiff requests that the defendants be required to produce the discovery by a date certain. If the defendants fail to produce the discovery by that date, the Court Order shall be self-executing and the Defendants' answer is stricken without need of plaintiff having to file a third motion. Deans v. Jamaica Hosp. Med. Ctr., 64 A.D.3d 744 (2nd Dept. 2009) (EBT within 45 days or answer stricken. Defendant also to pay $10,000 in sanctions to Plaintiff); Rampersad v. New York City Dept. of Educ., 30 A.D. 218 (1st Dept. 2006) (Self-executing order striking answer for failure to produce EBT witness); Brannigan v Christie Overhead Door, 144 A.D.3d 959, 960 (2nd Dept. 2016).

## *CONCLUSION*

71. **WHEREFORE,** your affirmant respectfully requests that the within motion be granted together with such other, further, and different relief as to this court seems just and proper.

Dated: Bronx, NY
        October 5, 2021

Robert Genis

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DIANA MARTINEZ

                         Plaintiff,

-against-

BRONX-LEBANON HOSPITAL CENTER, BRONX-
LEBANON HOSPITAL CENTER HEALTH CARE
SYSTEM, BRONXCARE NETWORK, BRONXCARE
HEALTH SYSTEM, BRONXCARE HOSPITAL
CENTER, BRONXCARE HEALTH INTEGRATED
SERVICES SYSTEM, INC., BRONX-LEBANON
INTERGRATED SERVICES SYSTEM, INC., BRONX
HEALTH ACCESS IPA, INC., BRONX HEALTH
ACCESS, BRONXCARE IPA, INC., NEW YORK
RADIOLOGY ALLIANCE, VIRTUAL RADIOLOGIC
CORPORATION, VIRTUAL RADIOLOGIC
PROFESSIONALS OF NEW YORK, ENVISION
PHYSICIAN SERVICES, LLC, ENVISION
MANAGEMENT SERVICES, LLC, ENVISION
HEALTHCARE CORPORATION, FRANCINE IVY
MENDS, M.D., STEVEN H. GOTTESFELD, M.D.,
ACACIA NETWORK, INC., ACACIA NETWORK,
LA CASA DE SALUD, INC., LA CASA DE SALUD,
ALLAREDDY VASANTH KUMAR REDDY, M.D.,
RAJESH MAHARBHAI PATEL, M.D.,
ARCANGELO ALDO LUBRANO, M.D.,
ELIZABETH ELAINE HOLT, N.P., FLORA
ADELAIDE ANTWI, N.P., CARLINE LAMOUR-
OCCEAN, N.P., LUCY PALOMINO, N.P., EDITH
LYNN WILLIAMS, N.P., JOHN DOES 1-50 and
JANE ROES 1-50 being several doctors, nurses, and
other health care practitioners whose identities are
presently unknown,

                         Defendants.

Index #: 33531/2018E

**AFFIRMATION OF GOOD
FAITH and COMPLIANCE
WITH RULE 202.7**

ROBERT GENIS, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following under the penalty of perjury:

1. I am a partner of the law firm of SONIN & GENIS, attorneys for the Plaintiff herein and as such I am fully familiar with the facts and circumstances surrounding the instant action and submit this Affirmation of Good Faith.

18

2. On August 12, 2021, my firm contacted Defendants in a good faith attempt to move forward in scheduling discovery and depositions.

3. On August 18, 2021, my firm contacted Defendants a second time in good faith to move forward in scheduling discovery and depositions.

4. On September 3, 2021, my firm contacted Defendants a third time in good faith to move forward in scheduling discovery and depositions.

5. On September 30, 2021, my firm contacted Defendants a fourth time in good faith to move forward in scheduling discovery and depositions.

6. As such, Plaintiff has made multiple good faith attempts to resolve the ongoing discovery disputes and schedule depositions. These attempts have been unsuccessful.

7. In addition, Plaintiff has notified Defendants pursuant to Rule 202.7(f).

Dated: October 5, 2021

      Bronx, New York

Robert Genis

19

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
                      ) s.s:
COUNTY OF BRONX       )

    Nahuel Cruz being duly sworn deposes and says: that I am not a party to the action; I am over 18 years of age, and reside at Bronx, New York, and that on the 5 day of October 2021, I served the within **NOTICE OF MOTION.:**

**TO:**

UNITED STATES ATTORNEY
Southern District of New York
86 Chambers Street
New York, New York 10007

Wilson, Elser, Moskowitz, Edelman &
Dicker, LLP
1133 Westchester Ave.
White Plains, NY 10604

Heidell, Pittoni, Murphy & Bach, LLP
99 Park Avenue
New York, NY 10016

Law Offices of Benvenuto & Slattery
1800 Northern Boulevard
Roslyn, NY 11576

Martin Clearwater & Bell
245 Main Street
White Plains, NY 10601

an address designated by said party for that purpose, by depositing true copies thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                            NAHUEL CRUZ

Sworn to before me this
5th day of October 2021

                Notary Public

GINA JOYANN STATON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ST6260578
Qualified in Bronx County
My Commission Expires 04-30-2024

1